**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **MEDICAL PROVIDER SERVICES, INC. :** | **CIVIL CASE NO. _____** |
| **:** | |
| **VERSUS** | **: JUDGE _____** |
| **:** | |
| **REPUBLIC UNDERWRITERS** | **: MAG. JUDGE _____** |
| **INSURANCE COMPANY** | **:** |

-----------------------------------------------------------------------------------------------------------------

### COMPLAINT FOR DAMAGES AND STATUTORY PENALTIES

NOW INTO COURT, through undersigned counsel, comes Plaintiff MEDICAL

PROVIDER SERVICES, INC. ("MPS"), which respectfully represents:

1.

Made Defendant herein is:

**REPUBLIC UNDERWRITERS INSURANCE COMPANY ("Republic"),** a
foreign insurance corporation authorized to do and doing business in the State of
Louisiana that can be served through the Louisiana Secretary of State.

### JURISDICTIONAL ALLEGATIONS

2.

The Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. § 1332.

3.

MPS is a corporation domiciled in the State of Louisiana. On information and belief,

Republic is a corporation domiciled in the State of Texas.  Complete diversity between the parties

exists.

4.

The amount in controversy exceeds $75,000.00.

5.

Republic issued the commercial property insurance policy upon which this suit is based to

MPS. The policy insured MPS's business located at 1200 East McNeese Street, Suite B in Lake

Charles, Louisiana. This Court has personal jurisdiction over Republic.

## CAUSES OF ACTION

6.

Republic insured MPS under Policy No. RCP1001294 02, which was in full force and

effect on both August 27, 2020 and October 9, 2020.

7.

MPS suffered a loss of business income as a result of Hurricane Laura on August 27, 2020

and Hurricane Delta on October 9, 2020.

8.

On or about December 16, 2020, Republic issued a report estimating MPS's business

income losses prepared by forensic accounting firm Matson Driscoll & Damico LLP ("MDD.")

The report valued MPS's business income losses at $27,435.00.  That number, however, did not

take into account the full extent of MPS's business income losses due to Hurricanes Laura and

Delta.

9.

The MDD report contained factual inaccuracies including, but not limited to, MDD's

assertion that MPS was able to return to full business operations on October 26, 2020. In fact, MPS

was unable to resume full business operations due to damage sustained from Hurricanes Laura and

Delta until May 12, 2021. Those and other inaccuracies formed the basis of MDD's report,

rendering the report unreliable.

10.

The MDD report, and thus Republic's estimate, was unreasonably low, was unrealistic, and did not take into account all of the information relevant to determine the full extent of MPS's business income losses due to Hurricanes Laura and Delta.

11.

MPS retained Ehlers and Associates, CPAs, LLC, to prepare an estimate that accurately reflects MPS's business income losses due to Hurricanes Laura and Delta. The Ehlers estimate determined that MPS's business income losses due to Hurricanes Laura and Delta for the "period of restoration" as defined in the Republic policy are $188,987.00. The Ehlers estimate, dated August 27, 2021, was conveyed to Republic and constitutes satisfactory proof of MPS's business income losses.

12.

La. R.S. 22:1892 states an insurer "shall pay the amount of any claim due any insured within thirty (30) days after receipt of satisfactory proofs of loss from the insured." Republic failed to pay amounts due to its insured within thirty (30) days after receipt of satisfactory proof of loss of the claim, thus making Republic liable to MPS for penalties, attorney's fees, and costs under La. R.S. 22:1892. Republic had satisfactory proof of loss upon its receipt of the Ehlers report on August 27, 2021, yet it unreasonably withheld accurate and defensible accountings of the full extent of MPS's business income losses due to Hurricanes Laura and Delta.

13.

Additionally, La. R.S. 22:1973 states that "failing to pay the amount of any claim due any person by the contract within sixty (60) days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach

of the insurer's duty of good faith and fair dealing. Republic has violated its statutory obligation and duty in its dealings with MPS.

14.

La. R.S. 22:1973 identifies certain acts which constitute a breach of the insurer's general duty of good faith and fair dealing to the insured. An insurer like Republic is prohibited from "misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue." Republic has misrepresented pertinent facts and insurance policy provisions in its dealings with MPS by representing that the original estimate was a fair estimate of MPS's business income losses due to Hurricanes Laura and Delta.

15.

Republic's failure to fairly and promptly adjust the full extent of MPS's claim has caused contractual and extra-contractual damages including, but not limited to, the interruption of MPS's ability to fully resume operations; grief and mental anguish to MPS's proprietors; worry and stress from dealing with the insurance claim; and concern over whether there would be sufficient funds return the company to full operation. These damages, and others associated with those that were caused by Republic's delay, render it liable to MPS for its attorney's fees and costs.

16.

Republic knew or should have known that its failure to timely pay MPS's insurance claims prevented MPS from resuming the full operation of its business would cause MPS significant damage.

4

17.

WHEREFORE, Plaintiff, MEDICAL PROVIDER SERVICES, INC., prays that there be judgment in its favor and against Defendant, REPUBLIC UNDERWRITERS INSURANCE COMPANY, as follows:

(1)     Finding REPUBLIC UNDERWRITERS INSURANCE COMPANY liable to MEDICAL PROVIDER SERVICES, INC. for statutory penalties, contractual and extra-contractual damages, attorney's fees, and costs under La. R.S. 22:1892 and/or 22:1973, and awarding it the same;

(2)     Awarding MEDICAL PROVIDER SERVICES, INC. damages caused by REPUBLIC UNDERWRITERS INSURANCE COMPANY's breach of its duty of good faith and fair dealing;

(3)     For damages including but not limited to diminution in value, penalties and attorney's fees, all costs of these proceedings, and interest from date of judicial demand until paid; and

(4)     For any and all other relief that is justified under law and equity.

Respectfully submitted,

LUNDY, LUNDY, SOILEAU & SOUTH, LLP


By:   /s/   Kailey K. Gallegos
          MATTHEW E. LUNDY (#18988)
          T. HOUSTON MIDDLETON, IV (33281)
          DANIEL A. KRAMER (#34624)
          KAILEY K. GALLEGOS (#38958)
          501 Broad Street (70601)
          P.O. Box 3010
          Lake Charles, LA 70602-3010
          mlundy@lundylawllp.com
          hmiddleton@lundylawllp.com
          dkramer@lundylawllp.com

kgallegos@lunylawllp.com
(337) 439-0707 - Telephone
(337) 439-1029 – Facsimile

*Attorneys for Plaintiff, Medical Provider
Services, Inc.*

**SERVICE INSTRUCTIONS:**

**REPUBLIC UNDERWRITERS INSURANCE COMPANY**
Through its Agent for Service of Process
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809